IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
JAN - 9 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Antonio Romya Beale,<br>Petitioner, | )<br>)<br>) |
| v. | )     1:13cv674 (LMB/JFA) |
| | )<br>) |
| Marie Vargo,<br>Respondent. | )<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Antonio Romya Beale, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he was denied due process in parole proceedings. By Order dated June 20, 2013, petitioner was instructed to resubmit a properly signed petition within thirty (30) days, to show cause why the petition should not be dismissed as barred by the statute of limitations, and to pay the applicable filing fee of $5.00 or submit an application to proceed in forma pauperis in this action. The Order was mailed to petitioner at his address of record, Sussex II State Prison in Waverly, Virginia. On July 11, the United States Postal Service returned to the Clerk the June 20 Order with the envelope bearing the notation, "Refused - offender is not in our system," and the action accordingly was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). On July 31, 2013, petitioner filed a Motion to Reconsider, stating that he had received the order of dismissal, he remained incarcerated at Sussex II State Prison, and he "ha[d] never moved." Since it was apparent that the June 20 Order was returned to the Court in error, petitioner's Motion to Reconsider was granted, and he was allowed thirty (30) days to comply with the instructions set out in the June 20 Order.

On August 16, 2013, petitioner filed a response to the June 20 Order, a signed amended

petition, and a supporting memorandum, but it appeared that he had failed either to pay the filing or to apply to proceed in forma pauperis. Accordingly, by Order dated August 28, 2013, the petition was dismissed without prejudice. On September 20, 2013, petitioner moved for reconsideration, arguing that he did pay the filing fee within the time allotted. Examination of the exhibits petitioner supplied revealed that on August 21, 2013, he forwarded to the Court a check identifying the sender as "Ruh Allah, Akil C.," which petitioner explained is his Muslim name. Because there was no case on file for "Ruh Allah, Akil C.," and because the signature on the letter enclosing the check was illegible, the check was returned to petitioner by the Court's financial department. Because petitioner made a good faith effort to pay the filing fee within the time previously allotted, his Motion to Reconsider was granted by Order dated September 25, 2013, and he was given an additional thirty (30) days to resubmit the filing fee.

Now before the Court are petitioner's Motion for Extension of Time to Submit Filing Fee and renewed application to proceed in forma pauperis. Exhibits attached to the Motion for Extension reveal that petitioner's request for a $5.00 money order to pay the filing fee for this action was disapproved by prison officials for the reason that petitioner's "balance [was] 15.06." Dkt. 16, Ex. 2. In light of the totality of the foregoing circumstances, petitioner's in forma pauperis request will be granted, his motion for extension of time to submit the filing fee will be denied as moot, and the petition will be reopened. However, after careful consideration of petitioner's Response to Court's June 20, 2013 Show Cause Order (Docket #9), the petition must be dismissed with prejudice as time-barred.

A petition for a writ of habeas corpus pursuant to § 2254 must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a

petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner in this case challenges a decision of the Virginia Parole Board entered May 19, 2011 upholding a determination by the Virginia Department of Corrections that he is ineligible for discretionary parole. Because petitioner could have discovered through the exercise of due diligence the factual predicate of his present claims on that date, the limitations period was triggered. 28 U.S.C. § 2244(d)(1)(D); see Wade v. Robinson, 327 F.3d 328, 333 (4th Cir.), cert. denied, 540 U.S. 912 (2003).

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Petitioner states in his Response to Court's ... Order, and the Case Information Website of the Circuit Court for the City of Portsmouth confirms, that petitioner filed a habeas corpus application in that tribunal on May 6, 2012. Case No. CL12001263-00.[1] The petition was denied on July 27, 2012, id., and the Supreme Court of Virginia refused petitioner's appeal of that decision on March 28, 2013. Case No. 121769. The

---

[1]Petitioner in his Response to Court's ... Order states that he filed the petition on May 6, 2012, Dkt. 9 at ¶ 6, while the court's online docket reflects a filing date of May 18, 2012. Because a prisoner's pleading is deemed filed on the date it is delivered to priosn authorities for mailing, Houston v. Lack, 487 U.S. 266 (1988), and in deference to petititotner's pro se status, it is assumed here that the date he provides is accurate.

instant application for federal relief was filed on or about May 31, 2013.[2]

Between May 19, 2011, the date the Virginia Parole Board issued its decision finding petitioner ineligible for discretionary parole, and May 6, 2012, the date petitioner filed his habeas corpus application in the Portsmouth Circuit Court, 352 days passed. Between March 28, 2013, the date the Supreme Court of Virginia refused petitioner's appeal of the Circuit Court's decision, and May 31, 2013, the date petitioner filed this federal petition, an additional 63 days passed. When these days are combined they establish that the instant petition was filed 50 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. Although petitioner was given the opportunity to make such a showing in the Order of June 20, 2013, see Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)), he argues in his Response only that the petition is timely. For the reasons just discussed, that assertion is incorrect, and petitioner has presented no facts to support tolling of the limitations period. Further, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). This petition thus is time-barred from federal consideration, and must be dismissed with prejudice.

Accordingly, it is hereby

ORDERED that petitioner's application to proceed in forma pauperis (Docket # 17) be and

---

[2] Because the initial petition was not signed, the date the Clerk stamped the petition as received is reflected here. Dkt. 1 at 1.

is GRANTED, and the Clerk shall REOPEN the petition; and it is further

ORDERED that petitioner's Motion for Extension of Time to Submit Filing Fee (Docket # 16) be and is DENIED AS MOOT; and it is further

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE, as time-barred.

This is a final order for purposes of appeal. To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil action.

Entered this 9th day of January, 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge